# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.                                               CASE NO.  4:09cr15/RH
                                                           4:12cv15-RH/EMT

JOHN WILSON SMITH, JR.,

       Defendant.

_____/

## ORDER DENYING § 2255 MOTION

This case is before the court on the magistrate judge's report and recommendation, ECF No. 50, which concludes that the defendant's motion for relief under 28 U.S.C. § 2255 should be denied as untimely.  No objections have been filed.  This order accepts the recommendation and denies the § 2255 motion as untimely.  The order also notes that the motion is unfounded on the merits.

The defendant pled guilty to two counts arising from possession of the same firearm.  Count one charged possession of the firearm by a convicted felon and charged more specifically that the defendant had three or more previous convictions for a violent felony or serious drug offense committed on different

occasions, thus subjecting the defendant to a minimum sentence of 15 years in custody. *See* 18 U.S.C. § 924(e). Count two charged possession of a stolen firearm. The defendant's guideline range was 188 to 235 months. I sentenced the defendant to 210 months on count one and to the statutory maximum of 120 months on count two, with the sentences to run concurrently. This was a within-range sentence.

The defendant appealed. The Eleventh Circuit affirmed in an opinion issued on March 23, 2010. The defendant did not file a petition for a writ of certiorari. The deadline for doing so was June 21, 2010. The one-year limitation period for filing a § 2255 motion ended on June 21, 2011. The defendant delivered his § 2255 motion to prison authorities for mailing on January 3, 2012, more than six months late. As the report and recommendation correctly concludes, the defendant has shown no basis for equitable tolling or for asserting that the statute of limitations began to run at a later date. The motion is untimely.

A further point deserves mention. The defendant says his presentence report shows that two of the predicate offenses on which his armed-career-criminal status was based were not convictions; the defendant says the presentence report shows that the charges were dismissed. The defendant says he did not receive the presentence report and recognize this problem until after the sentencing hearing.

The defendant's assertions are incorrect.

First, the defendant had multiple prior convictions for violent felonies or serious drug offenses.  He thus was correctly treated as an armed career criminal under 18 U.S.C. § 924(e).  No purpose would be served by listing all the convictions or analyzing which ones qualify as predicate offenses.  It is enough to note that the presentence report listed 12 separate cases that resulted in drug convictions, most involving distribution, as well as a burglary conviction and two separate convictions for resisting arrest with violence.  The presentence report indicated that in two of these many cases there were *additional* charges that were dismissed, not that all charges were dismissed—had all charges been dismissed, the defendant would not have been convicted and sentenced.

Second, the defendant confirmed at the outset of the sentencing hearing that he had read his presentence report and discussed it with his attorney.  His assertion that he did not read the presentence report until later is squarely refuted by his own statement at the outset of the sentencing hearing.  ECF No. 36 at 2.

In sum, the § 2255 motion is untimely, and the defendant would not be entitled to relief on the merits even had the motion been timely filed.  For these reasons,

IT IS ORDERED:

The report and recommendation is ACCEPTED.  The clerk must enter judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is DENIED as untimely."  The clerk must close the file.

SO ORDERED on March 27, 2012.

s/Robert L. Hinkle
United States District Judge